UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 09-cv-01516-REB

JOSEPH O. JACK,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER AFFIRMING COMMISSIONER

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1], filed June 29, 2009, seeking review of the Commissioner's decision partially denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I affirm.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of degenerative disc disease of the lumbar spine, diabetes mellitus, and obsessive-compulsive disorder. After his applications for disability insurance and supplemental security income benefits were denied, plaintiff requested a hearing before an administrative law judge. This hearing was held on June 6, 2007. At the time of the hearing, plaintiff was 36 years old. He has a high school degree and some college education and past relevant work experience as

a fast food worker, telemarketer, laborer, cashier, and retail sales clerk.  He has not engaged in substantial gainful activity since August 30, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance or supplemental security income benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with no lifting more than ten pounds, the option to sit and stand every 15 to 20 minutes, and no work outside a five-foot radius.  Although this finding precluded plaintiff's past relevant work, the ALJ determined that there were other jobs existing in significant numbers in the national and local economies that plaintiff could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. **Bowen v. Yuckert**, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III. LEGAL ANALYSIS

Plaintiff maintains that the ALJ erred by failing to credit fully his subjective complaints of pain. He further claims that the Appeals Council erred in failing to

4

consider new evidence submitted after the hearing decision was issued. I find no reversible error in either regard, and therefore affirm.[1]

Plaintiff maintains that the ALJ improperly discredited his subjective reports of pain and other functional limitations. The Tenth Circuit has outlined a tripartite test for evaluating subjective complaints of pain:

> We must consider (1) whether Claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the proven impairment and the Claimant's subjective allegations of pain; and (3) if so, whether, considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling.

*Musgrave*, 966 F.2d at 1375-76 (citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987)). Nevertheless, "credibility determinations 'are peculiarly the province of the finder of fact,' and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (citing *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)). So long as the ALJ links his credibility assessment to specific evidence in the record, his determination is entitled to substantial deference. *Id.* at 910; see also *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The ALJ cited these standards as well as the regulations pertinent to analyzing plaintiff's subjective complaints. (Tr. 24-25.) Nevertheless, he found that plaintiff's testimony was not credible to the extent plaintiff claimed that he needs to lay down 8 to 10 times a day for 45 minutes at a time to accommodate his pain. (Tr. 25.) The ALJ

---

[1] Although plaintiff suggests also in his opening paragraph that the ALJ failed to accurately assess the extent to which the occupational base for the alternative jobs he identified was eroded by plaintiff's mental functioning, he fails to develop that argument in the body of his brief. I therefore do not consider it. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

noted that plaintiff reported to treating sources that he was in excellent health and denied pain, joint stiffness, or loss of range of motion. (*See* Tr. 25, 168-169.) Moreover, the ALJ noted that plaintiff's activities of daily living were consistent with a greater functional capacity than that to which he testified. Although activities of daily living do not necessarily translate to the ability to perform work-related activities on a sustained basis, ***Thompson v. Sullivan***, 987 F.2d 1482, 1490 (10th Cir. 1993), they do bear on a plaintiff's credibility "to the extent that the level of activity is in fact inconsistent with the claimed limitations," ***Ouellette v. Apfel***, 2000 WL 1262642 at *13 (N.D. Cal. Aug. 24, 2000).

To the extent the ALJ did not more thoroughly support his conclusion, that lapse was undoubtedly harmless, as substantial evidence otherwise supports his credibility analysis. *See **Williams v. Chater***, 1995 WL 490280 at *2 (10th Cir. Aug.16, 1995); ***Bernal v. Bowen***, 851 F.2d 297, 303 (10th Cir. 1988). No other medical source during the relevant time period imposed limitations such as those plaintiff suggests he requires, despite knowledge of his pain, which was often reported to be quite high.[2] The report of the consultative examiner, Dr. Eric Hughes, noted plaintiff's self-reported need to lie down frequently following exertion (Tr. 115), but still imposed restrictions that are consistent with, and indeed were relied on by the ALJ in formulating, plaintiff's residual functional capacity (Tr. 117, 26). The limitations suggested by a non-examining

---

[2] In the months initially following his injury, plaintiff was restricted to two hours of standing followed by 30 minutes of sedentary work. (*See* Tr. 256-275.) In January, 2005, these limits were amended to one hour of standing followed by 15 minutes of sitting. (Tr. 249, 252.) He was found to have reached maximum medical improvement for purposes of workers compensation in February, 2005, and given permanent restrictions of frequent sitting, standing, and walking (Tr. 246, 348.) Plaintiff himself reported at that time that he was standing and walking for 8 hours a day and sitting for 6.5 hours a day. (Tr. 356.)

physician who reviewed the medical records also undermine plaintiff's claim that his pain requires more frequent accommodation than those found by the ALJ. (Tr. 87-95, 114-117.)[3] The residual functional capacity found by the ALJ accounts for the need to change positions as frequently as this medical evidence suggests is required. I therefore find no reversible error on this basis.

Plaintiff further claims the Appeals Council erred by failing to consider two additional reports submitted on appeal. The first, allegedly authored by a Dr. Rook, is not part of the administrative transcript nor appended to plaintiff's brief or otherwise made part of the record. There is thus no way for me to determine definitively whether the report would have altered the ultimate disability determination and thus required remand.[4] **See Chambers v. Barnhart**, 389 F.3d 1139, 1142 (10th Cir. 2004); **O'Dell v. Shalala**, 44 F.3d 855, 859 (10th Cir. 1994). Moreover, plaintiff notes that both Dr. Rook's and Dr. David Hopkins's reports were authored in August, 2007, after the ALJ issued his decision. They therefore do not relate to the period for which benefits were denied, 20 C.F.R. §§ 404.970(b) & 416.1470(b); **see also Threet v. Barnhart**, 353 F.3d 1185, 1191 (10th Cir. 2003), and the Appeals Council acted appropriately in returning

---

[3] The ALJ also discredited plaintiff on the ground that he gave an inaccurate work history to a vocational evaulator in May, 2007 (Tr. 80-86), but had no trouble relating an accurate work history to a consultative psychological examiner the previous year (*see* Tr. 122-127). Plaintiff points out that at the latter appointment, his mother helped him fill out the written portion of the examiner's questionnaire. (**See** Tr. 122.) Although this may have been error, plaintiff fails to show how it is more than harmless in light of the other, legitimate bases the ALJ gave for discrediting plaintiff's subjective reports of pain and limitation and the overall evidence of record.

[4] Moreover, all that plaintiff reports about this report is that "Dr. Rook is of the opinion that Plaintiff is at best in a sedentary physical demand level and his ability to stand is quite limited." (Plf. Br. at 11.) This description appears consistent, and plaintiff does not explain how it is inconsistent, with the ALJ's residual functional capacity assessment and ultimate disability determination.

them to plaintiff with the suggestion that they could be used in connection with new applications.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated September 10, 2010, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge